Will of Clark: The State, Appellant, vs. Combs and others, Respondents.

*December 11, 1923—January 15, 1924.*

*Taxation: Inheritance taxes: Estate received from mother who inherited from husband: Constitutional law: Class legislation: Equal protection of the laws: Retroactive statutes.*

1. Sub. (2), sec. 72.04, Stats. 1921, giving to the child of a decedent credit for so much of an inheritance tax paid by the widow as applies to any property which is transferred by or from such widow to such child, is not unconstitutional as class legislation and a denial of the equal protection of the laws in that children inheriting from the father through the mother are accorded a credit denied to children inheriting from the mother through the father. p. 386.

2. Where the father died before the passage of the statute and
the widow died afterwards, the statute is not retroactive in
its application, as the tax is to be computed in accordance
with the law existing at the time of the death of the widow,
and the statute does not make the credit available only where
the husband died subsequent to its passage.  p. 386.

APPEAL from an order of the county court of Winnebago
county: D. E. McDONALD, Judge.  *Affirmed.*

For the appellant there were briefs by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and
oral argument by *Mr. Bump.*

For the respondents there was a brief by *Thompson,
Gruenewald & Hull* and *Richard Harrington,* all of Oshkosh, and oral argument by *Mr. John C. Thompson* and
*Mr. Harrington.*

OWEN, J.  James G. Clark died February 16, 1920.  His
widow, Nora G. Clark, paid an inheritance tax upon that
portion of his estate devolving to her, in the sum of $718.73.
On the 16th day of June, 1922, Nora G. Clark died intestate.  The estate which she inherited from her husband
descended to their children.  In computing the inheritance
tax due upon the devolution of the estate to the children
the county court deducted the amount which she had paid
upon the devolution of the husband's estate to her, in
accordance with sub. (2), sec. 72.04, Stats.  The State
appealed from the order determining the amount of the
inheritance tax and assigns this deduction as error.

The legislature of 1921, by ch. 568, made substantial
increases in inheritance tax rates.  It increased the rate
where the person or persons entitled to any beneficial interest in the estate shall be the husband, wife, lineal issue, or
lineal ancestor of the decedent, from one to two per centum.
It increased the exemption of property transferred to the
widow from $10,000 to $25,000.  It then provided (sub.
(2), sec. 72.04):

"Any child of the decedent shall be entitled to credit for
so much of the tax paid by the widow as applied to any

property which shall thereafter be transferred by or from such widow to any such child, provided the widow does not survive said decedent to exceed ten years."

The first attack made upon this provision is that it is unconstitutional as being class legislation and a denial of the equal protection of the laws. The argument is that children inheriting from the father through the mother are accorded a credit denied to children inheriting from the mother through the father. It is said that there is no reasonable basis for this discrimination. We think otherwise. The widow is a favorite in the law and the provision was, no doubt, for the purpose of encouraging the husband to make liberal provision for the widow and to remove the penalty of an additional inheritance tax in case she saw fit to pass the estate to their children. This is no more discriminatory than the $25,000 exemption accorded to the widow but denied to the husband. We think the classification is based upon germane considerations and is immune from the charge that it works a denial of the equal protection of the laws.

It is next claimed that the allowance of the credit in the instant case gives to the statute a retroactive effect. This conclusion is based upon the circumstance that the husband died before the passage of the act of 1921. It must be remembered that the tax here under consideration is one assessed upon the devolution of the widow's estate to the children. Manifestly that tax is to be computed in accordance with the law existing at the time of its accrual. The law as it existed at that time provided for the credit allowed by the county court. We can see nothing retroactive in its application. The statute by its terms does not make the credit available only where the husband died subsequent to the passage of the act. According to the law existing at the time of the husband's death, the widow was subject to an inheritance tax of one per centum upon the devolution of the estate to her, and the children were sub-

ject to a like tax upon the devolution of the estate from their mother to them. Subsequent to the husband's death the legislature doubled the rate, but, sensing the fact that the more burdensome rate would deter a testator from subjecting his estate to a double inheritance tax before reaching his children, and for the purpose of encouraging a generous treatment of the widow, provided that all inheritance taxes paid by the widow should be credited on the taxes assessed against the children, thereby relieving the estate from double taxation in case it passed through the widow before ultimately reaching the children.

In this case the taxes assessed against the children are exactly the same as they would have been if the father had died subsequent to the enactment of the law. They are required to pay the increased rate provided by the present law, but they are credited with the amount which the mother paid upon the devolution to her. The amount ultimately accruing, therefore, is exactly the same as that to which the state would have been entitled had the husband and father died subsequent to the passage of the law. We can discover no legislative intent to deny the children in this case the benefit of a credit to which it is conceded they would have been entitled had the father died subsequent to the passage of the act, and we think that to so construe it would present a more serious question of a denial of the equal protection of the laws than that to which we have already referred.

*By the Court.*—Order affirmed.