WILL OF BROWN : STATE, Appellant, vs. BROWN and others, Executors, Respondents.

*October 12—November 9, 1932.*

For the appellant there was a brief by the *Attorney General, F. C. Seibold,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Seibold* and *Mr. Conway.*

*Benjamin M. Powers* of Kansas City, Missouri, for the respondents.

OWEN, J. The decedent, Juliet Delia Brown, a resident of Oneida county, died on March 5, 1931. She was predeceased by her husband, Webster E. Brown, who died testate on December 14, 1929, leaving surviving him his widow and five children. The widow received from her husband's estate property of the net value of $376,922.16, upon which an inheritance tax of $26,353.78 was assessed, and paid by the widow. She died about fifteen months after the death of her husband, leaving her estate in equal shares to the five children surviving her. The total appraised value of the widow's estate was $412,473.62. Deductions for debts, funeral expenses, and administration were allowed therefrom in the sum of $23,417.10, leaving a net estate of $389,056.52. The total estate left by the widow was comprised of all the property which she had received by inheritance from her husband, valued at $312,897.46, at the date of her death, and her separate estate, valued at $99,576.16 at the time of her death, both together making the above appraisal of $412,473.62. The county court adjudged the inheritance tax due from her estate to be $15,708.10, or $3,141.62 in the case of each of the surviving children. The court, however, allowed the five children to apply the tax of $26,353.78, which had been paid by the widow in the estate of her husband, as a credit against

the entire tax assessed to them in the estate of the widow, and determined that no taxes whatever were payable by any of the children. This credit was allowed by virtue of the provision of sec. 72.04 (2), Stats., reading as follows:

"Any child of the decedent shall be entitled to credit for so much of the tax hereafter paid by the widow as applied to any property which shall thereafter be transferred by or from such widow to any such child, provided the widow does not survive said decedent to exceed six years."

The contention of the state is that the credit to which the children are entitled by virtue of this provision is applicable only to the tax assessed against them on the specific property which passed from the husband to the widow and from the widow to the children.

It will be borne in mind that the widow possessed a personal estate of more than $99,000, exclusive of that which she inherited from her husband, and the state contends that the children are entitled to no credit upon the inheritance tax assessed against them arising from the $99,000 personal estate of the widow. In other words, the state claims that the credit which the above quoted statutory provision allows the children is to be applied only upon the tax assessed against them upon the property coming from the father through the widow to them. This contention is tantamount to the claim that what the legislature intended to accomplish was merely to exempt the property coming to the children from the father through the widow from an inheritance tax. We cannot so construe the statute.

It is quite apparent that the statute gives the children a credit upon the inheritance tax which may be computed against them. The amount of the credit is defined by the statute. It is "for so much of the tax hereafter paid by the widow as applied to any property which shall thereafter be transferred by or from such widow to any such child." This credit is to be applied upon the inheritance taxes assessed

against such child. The terms of the statute do not limit the application of the credit to the inheritance taxes assessed upon the property coming to him or her from the father through the mother. It is to be applied on the entire inheritance tax assessed against such child. The qualifying phrase in the statute limits the credit. It does not limit the taxes upon which the credit is to be applied. A legislative purpose to merely exempt only the inheritance coming from the father through the mother could, and we think naturally would, have been expressed in much more direct and simple language.

The provision in the statute referred to was inserted by ch. 568, Laws of 1921, at a time when the rate of inheritance taxes was substantially raised, and, as said in *Will of Clark,* 182 Wis. 384, 196 N. W. 839, the legislature, "sensing the fact that the more burdensome rate would deter a testator from subjecting his estate to a double inheritance tax before reaching his children, and for the purpose of encouraging a generous treatment of the widow, provided that all inheritance taxes paid by the widow should be credited on the taxes assessed against the children, thereby relieving the estate from double taxation in case it passed through the widow before ultimately reaching the children." The phrase "double taxation" was there used in a very general and not in a technical or exact sense, to indicate the consideration which might deter the husband from dealing generously with his widow, and that was the payment of two inheritance taxes before his estate finally reached his children. Plain, mathematical computation demonstrates that an estate passing through the widow by reason of the higher brackets to which it will attain, will yield to the state a far greater revenue than if it be passed directly from the father to the children, and even though all of the taxes which the widow pays upon succeeding to the estate of the husband be credited to the children upon their succeeding to the estate from the

mother, the state would receive a much larger contribution. The legislature no doubt had this consideration in mind and realized that the state would not suffer by encouraging to this extent a generous consideration of the widow. We can discover no legislative intent to limit the credit to the exact property which passes from the husband through the widow to the children.

Doubt is expressed concerning the constitutionality of the law as so construed. But the constitutionality of the law was affirmed in *Will of Clark*, 182 Wis. 384, 196 N. W. 839, and it seems unnecessary to reconsider the question.

*By the Court.*—Judgment affirmed.