#### BELSER, ADMR., v. S. C. TAX COMMISSION

#### (112 S. E. 261)

TAXATION—INHERITANCE TAX LAW HELD NOT RETROACTIVE.—Where a
testator died on December 20, 1920, but his estate was still in
process of settlement at the passage of Inheritance Tax Act of
February 28, 1922, his estate was not subject to a tax under this
Act, as this Act is prospective.

Petition for injunction in the original jurisdiction by
J. Edwin Belser as Administrator C. T. A. of the estate of
John E. Lowry, deceased, against The South Carolina Tax
Commission.

Below are printed the order to show cause, the petition,
the summons, and the return to the rule to show cause:

### ORDER

Upon hearing the annexed verified petition, on motion of
Melton & Belser, attorneys for the petitioner, it is ordered
that the respondents herein do show cause before the Su-
preme Court of the State of South Carolina, on April
22, 1922, at 10 o'clock in the forenoon, or at such other
time as the hearing may be adjourned to, why the prayer
of the said petition should not be granted and the writ of
injunction issued as therein prayed. And it is further
ordered that, in the meantime and pending the Court's fur-
ther order herein, said South Carolina tax commission be
restrained from taking any further action to enforce said
Inheritance Tax Act against the petitioner herein and the
estate of the said John E. Lowry.

                 EUGENE B. GARY, CHIEF JUSTICE.
Dated at Columbia, S. C., April 18, 1922.

The State of South Carolina. In the Supreme Court.
In the Original Jurisdiction. J. Edwin Belser, as Ad-
ministrator *Cum Testamento Annexo* of the Estate
of John E. Lowry, Deceased, Petitioner, v. South

Carolina Tax Commission, and W. G. Query, J. Fraser Lyon and J. P. Derham, Constituting the South Carolina Tax Commission, Respondents.

*Petition for Writ of Injunction*

To the Honorable Chief Justice and Associate Justices of the Supreme Court of the State of South Carolina:

The petition of your petitioner respectfully shows:

(1) That John E. Lowry, late a resident of the City of Columbia, in the County of Richland, in the State of South Carolina, died on the 20th day of December, 1920, in the City of Los Angeles, in the State of California, leaving of force his will dated September 23, 1914, whereby, after providing for the payment of his debts, he left legacies of one thousand ($1,000) dollars each to his nieces, Mary Louise Gardner and Maud Gardner; a tract of land containing approximately twenty-six (26) acres situate on the Alms House road, near the City of Columbia, S. C., to his grandson, John Lowry Beaver; and all the rest and residue of his estate to his wife, Annice Elizabeth Lowry, whom he appointed executrix of his said will.

(2) That the said Annice Elizabeth Lowry, wife of the said testator, who was the chief beneficiary under his will and was named as executrix therein, predeceased the said John E. Lowry, and thereupon the devises and bequests to her lapsed, and the said John E. Lowry having by his will made no further provision with respect thereto, the same passed as intestate property at his death to his daughters, Lucille L. Woodward and Annice L. Beaver (both of whom are and were at the time of the death of the said John E. Lowry of mature age), as his sole distributees and heirs at law.

(3) That said J. Edwin Belser, your petitioner, was duly appointed the administrator with the will annexed of the

estate of the said John E. Lowry, by the Probate Court for Richland County, State of South Carolina, on the 17th day of March, 1921, and, having duly qualified, entered upon his duties as such, and is still such administrator; that, having practically completed the administration and settlement of the said estate and being ready to make his final return and settlement therefor, he filed in the office of the Judge of Probate for said Richland County his petition for final discharge on the 17th day of March, 1922, and caused to be published the usual notice therefor, the 18th day of April, 1922, being appointed for the final hearing therein and granting of such discharge.

(4) That, since filing his petition for final discharge as administrator of said estate as aforesaid, your petitioner has been summoned by the South Carolina Tax Commission to appear before it on the 12th day of April, 1922, and to produce all papers, records, and documents pertaining to said estate, for the purpose of having assessed against said estate an inheritance tax pursuant to the Inheritance Tax Act passed by the General Assembly of date February 23, 1922 (a copy of the said summons directed to your petitioner being hereunto annexed as exhibit A); and your petitioner has further been advised by the Probate Judge for Richland County that he has been instructed by the said South Carolina Tax Commission not to grant your petitioner's application for final discharge until the inheritance tax claimed by the said commission to be due from said estate has been paid.

(5) That, as your petitioner is informed and believes, the said Inheritance Income Tax Act, which was approved by the Governor and became effective on February 23, 1922, is not by its terms and was not intended to be retroactive or to apply to estates which had passed upon the death of a decedent prior to the passage of said Act, and that the said Act and tax provided for therein do not apply

to the estate of the said John E. Lowry, who died on the 20th day of December, 1920, more than a year before the said Act was passed.

(6) That the estate of the said John E. Lowry at the time of his death consisted in part of real estate situate in Richland County, South Carolina, the actual value of which at his death, as ascertained by appraisal and sales of a part of the same, was forty-seven thousand seven hundred sixty-nine and 62-100 ($47,769.62) dollars; and in part of personal property, consisting of cash and choses in action amounting to fifty-five thousand nine hundred and sixty-two ($55,962.00) dollars; that the net value of the personal estate, after the payment of debts, charges, and expenses of administration and other proper deductions will have been made, will be approximately fifty thousand ($50,000.00) dollars; and that the real estate of the said testator has never been in the control or possession of your petitioner, but passed into the exclusive possession of the devisees and heirs at law of said John E. Lowry at his death.

(7) That your petitioner is informed and believes the said Tax Commission is without authority or warranty of law to proceed to assess any inheritance tax against the estate of the said John E. Lowry, either insofar as the same consists of personal or real estate, and its claim to have the right to do so and its summons to your petitioner to appear before it for the purpose of fixing and assessing the amount of said tax, and its directing the withholding of the final discharge for which your petitioner has applied as aforesaid, is illegal and wrongful, and your petitioner is entitled, as he is advised, to an order of injunction against the said illegal and unlawful acts of the said South Carolina Tax Commission and against the levy and assessment of the said inheritance tax upon the said estate.

(8) That said Inheritance Tax Act, it is respectfully submitted, is by its terms clearly prospective in its operation

relating exclusively to estates which shall thereafter pass or be transferred by will or inheritance and the administration of which shall be thereafter begun, as appears from numerous clauses and provisions thereof; that said South Carolina Tax Commission, as petitioner is informed and believes, admits that it has doubt as to the effect and application of said Act as applied to estates of persons dying prior to the enactment of same, but insists that its rights and duties in the premises should be tested and decided by this Court before it will concede that it does not so apply.

(9) That the settlement of the question as to the proper construction and operation of the said inheritance tax is one of grave consequence to the petitioner and the beneficiaries of the estate of the said John E. Lowry, as in the meantime, pending the settlement of the said question, your petitioner is unable to complete the settlement of said estate or to obtain his discharge as administrator thereof, and the expense of the administration of the estate is continued and increased; and moreover, the question is one of wide and general public interest, as the settlement of all estates within the State of South Carolina, which were in process of administration at the time of the passage of said Act, are likewise being held up, as your petitioner is informed and believes, under orders issued from the said South Carolina Tax Commission, and it is of great importance to the public and the citizens of the State that the application of the inheritance tax in such cases should be promptly determined, and likewise to the said South Carolina Tax Commission that its rights and duties in the premises should be defined by the Court. Therefore, and in view of these circumstances, your petitioner has applied for injunction herein in the original jurisdiction of this Court; and your petitioner, as he is advised, is without remedy in the premises save by the writ of injunction. Wherefore your petitioner respectfully prays :

That the said Inheritance Tax Act be construed by this Court and it be adjudged that the same does not apply retroactively to estates wherein decedents had died prior to the passage of the said Act, and particularly that the same does not apply to the estate of the said John E. Lowry, either insofar as the same consists of real or personal property, and that your petitioner should not be required to appear before the said commission for the purposes for which he has been summoned, as aforesaid, and that your petitioner be not prevented by the order of the said commission from obtaining his final discharge as administrator of the said estate, in accordance with the petition which has heretofore been filed by him as aforesaid; and that your petitioner's rights in these matters be protected by the writ of injunction of this Court directed to the said commission; and for such other relief as your petitioner may be entitled to.

And your petitioner will ever pray.

                              MELTON & BELSER,
April 10, 1922.          Attorneys for Petitioner.

State of South Carolina, County of Richland.

Before me personally appeared J. Edwin Belser, who being duly sworn says that he is the petitioner above named, and the foregoing petition is true, except as to the matters and things stated therein on information and belief, and as to those he believes it to be true.

                              J. EDWIN BELSER.

Sworn to before me this April 10, 1922.

          ALICE LEE BURKETT,
[Seal]    Notary Public of S. C.

                    *Exhibit A*

State of South Carolina, South Carolina Tax Commission.

                    *Summons*

To J. Edwin Belser, Esq., Executor of the Estate of John E. Lowry, Deceased:

You are hereby strictly required and firmly enjoined that, all business being laid aside, and excuses ceasing, you do, in your proper person, appear before the South Carolina Tax Commission at its offices in Columbia, S. C., on the 12th day of April, 1922, at 10 o'clock in the forenoon, then and there to testify the truth according to your knowledge as to the value of the estate of John E. Lowry, deceased, in order for the tax commission to determine the taxes, if any, due to the State, under the Act of February 23, 1922. You are further required to bring with you and produce, at the time and place aforesaid, all books, papers, records, and documents pertaining to the said estate, which may be within your possession or control as executor of the said estate. You are further required then and there to produce a copy of the will, if any, of the decedent, a copy of the inventory and appraisal of the estate, and a copy of every account as required by the Inheritance Tax Act of February 23, 1922. You are further required to produce, at the place and time aforesaid, a statement of the names of all heirs at law and distributees, or legatees and devisees named in the will, or entitled to take any part of said estate, stating whether or not the same were living at the time of the decedent's death, which said statement shall also show the relationship to the decedent and the ages of all heirs· at law and distributees, or legatees and devisees, and the age at the time of the death of the decedent.

Herein fail not on pain of the penalties that may fall thereon, as provided by Section 17 of said Act.

SOUTH CAROLINA TAX COMMISSION,

Walter G. Query, Chairman,

———————————, Commissioner,

J. Fraser Lyon, Commissioner.

Columbia, S. C., March 25, 1922.

State of South Carolina. In the Supreme Court. In the Original Jurisdiction. J. Edwin Belser, as Adminis-

trator *Cum Testamento Annexo* of the Estate of John E. Lowry, Deceased, Petitioner, v. South Carolina Tax Commission, and W. G. Query, J. Fraser Lyon and J. P. Derham, Constituting the South Carolina Tax Commission, Respondents.

### Return to Rule to Show Cause

To the Honorable Chief Justice and Associate Justices of Supreme Court of the State of South Carolina:

The respondents herein, in obedience to the rule to show cause issued by this Court on April 18, 1922, by way of return, for cause, demur to the petition of petitioners herein, upon the ground that it fails to state facts sufficient to constitute a cause of action.

That from the petition it appears that the beneficial interest of the devisees and distributees of the estate of John E. Lowry, deceased, had not vested nor passed to or for their use, either under the statute of distribution or under the will, at the time of the approval of the Inheritance Tax Act, and that the right of the said devisees and distributees to the enjoyment and use of any beneficial interest or interests in said estate has not yet accrued, but remains in the hands of the administrator and under the control of the Probate Court, and therefore is properly taxable under the said Inheritance Tax Law, approved and taking effect February 23, 1922.

Respectfully submitted,<br>
S. M. WOLFE,<br>
Attorney General,<br>
JNO. M. DANIEL,<br>
Ass't. Att'y. General,<br>
Attorneys for Respondents.

April 22, 1922.

*Messrs. Melton & Belser,* for petitioner, cite: *Inheritance Tax Act of 1922 is prospective in its terms: Trans-*

*fer on which tax is laid ·is at death*: Gleason & Otis Inher. Tax, 28, 29; 178 U. S. 41; 190 N. Y. 492; 196 Mass., 533; 147 N. Y., 69; 151 App. Div., 441; 83 App. Div., 381; 16 L. R. A. (N. S.), 329. *Inheritance tax laws are construed as prospective unless it is declared to be retroactive:* Gl. & Otis, 56; 121 N. Y., 710; 72 Ohio St., 448; 26 R. C. L., 176; 44 L. R. A. (N. S.), 419; 17 L. R. A. (N. S.), 733; 26 Enc. L. (2nd Ed.), 693; 55 S. C., 302; 34 S. C., 468. *Question as to whether Legislature can apply Act retroactively:* 8 L. R. A. (N. S.), 1180; Gl. & Otis 39, 40; 51 L. Ed. (U. S.), 310; 720 Ohio St. 448. · *Transfer of personal property by inheritance or will takes place at death:* 1 Civ. Code 1912, Sec. 3555. *Administrator holds personalty for payment of debts but as a trustee for that purpose*: 11 Enc. L. 986; 26 S. C. 30; 190 N. Y., 492; 190 Mass., 532. *Act same as New York Statute:* Gl. & Otis, 733. *Louisiana Act different:* 8 L. R. A. (N. S.), 1180.

*Messrs. Samuel M. Wolfe, Attorney General;* and *J. Fraser Lyon,* for the Tax Commission, cite: *Succession to beneficial interest does not take place until actual transfer is made by the fiduciary*: 11 R. C. L. 152, Sec. 161; 1 Bail. L. 126; 58 S. C. 166; 40 S. E. 899; 15 L. Ed. 126; 75 Am. Dec. 559.

April 23, 1922. ·

Per Curiam. This application for injunction in the original jurisdiction of this Court. The purpose is to secure a construction of the Inheritance Tax Act, passed at the last session of the General Assembly. The question is: Are estates in process of settlement, at the time of the passage of the Act, liable for the tax? The answer is: · Estates now in progress of settlement, where the deceased died before the passage of the Act, are not liable for the in-

heritance tax. The only question is as to the construction of the Act. It is very clear that the Act is prospective.

It is the judgment of this Court that the petition be granted.