In the Matter of the Estate of CAROLINE I. SATCHELL, Deceased.

Surrogate's Court, New York County, November 21, 1933.

*Eastman & Eastman,* for the administrator *c. t. a.*

*Edgar Hirschberg,* for the State Tax Commission.

DELEHANTY, S.  This is an appeal by the administrator *c. t. a.* from the *pro forma* order fixing the estate tax entered on the appraiser's report on July 24, 1933.  The grounds of appeal are as follows:

(1) That the appraiser erroneously included as taxable property a remainder of $53,836.34 passing to decedent's children.

(2) That there was also erroneously included the sum of $22,916.67, appointed by the decedent to charitable institutions under a power of appointment given to the decedent in the will of her mother, who died in or prior to the year 1866.

In the year 1866 the decedent, contemplating marriage, and not wishing her property to merge with that of her intended husband, created a trust wherein she reserved to herself the income for life and provided for the disposal of the remainder as she should by her will direct.  The testatrix died August 24, 1931, and by the sixth to

thirteenth paragraphs of her will disposed of the corpus of the trust to her four children. The administrator *c. t. a.* contends that the decedent completely disposed of this property by the ante-nuptial deed of trust at a time when there was no inheritance or transfer tax law in existence, and, therefore, it is not taxable.

The first ground of appeal is denied. Section 249-r of the Tax Law, in effect at the date of decedent's death, specifically provides for inclusion in the gross estate of property passing under a power of appointment exercised by the will of decedent. In dealing with this question the Court of Appeals in *Matter of Delano* (176 N. Y. 486, at p. 494) said: " The right of the Legislature to impose a tax on the privilege of exercising a power by will is not affected by the fact that no such tax was imposed when the power was created."

The administrator *c. t. a.* offers the same argument to sustain the second ground of appeal. Under her mother's will decedent received the power to appoint by will to charity the fund of $22,916.67. In her will decedent exercised this limited power in favor of charitable institutions. The inclusion or exclusion of this item as part of the gross estate under section 249-r of the Tax Law will make no difference in the tax as far as New York State is concerned, because the testatrix here has appointed the property to charities which are exempt under section 249-s, subdivision 3. The appeal is taken as to this item because the inclusion of it as an asset increases the gross estate over the sum of $100,000, which would necessitate the filing of a Federal estate tax return. Disregarding this administrative difficulty, but considering solely the provisions of subdivisions 7 and 7-a of section 249-r of the Tax Law, this item was improperly included in the gross estate, and the second ground of appeal is, therefore, sustained. Subdivision 7 of section 249-r of the Tax Law, in effect September 1, 1930, provided for the inclusion in the gross estate of property passing under a general power of appointment but did not tax the exercise of a special or limited power of appointment. Subdivision 7-a of section 249-r of this act, in effect March 21, 1932, provides for the inclusion of property transferred by the exercise of a special or limited power of appointment. At the date of decedent's death, therefore, on August 24, 1931, the Tax Law did not provide for the inclusion in the gross estate of property passing under a limited power of appointment. As the decedent could appoint the $22,916.67 only to charity, this amount was improperly included in the gross estate under section 249-r of the Tax Law.

Submit order on notice modifying the order fixing the estate tax accordingly.