ESTATE OF BENJAMIN : LINDSAY and others, Appellants, vs. TAX COMMISSION, Respondent.

*May 9—June 4, 1940.*

For the appellants there were briefs by *Miller, Mack & Fairchild,* and oral argument by *J. Gilbert Hardgrove, Arthur W. Fairchild,* and *Vernon A. Swanson,* all of Milwaukee.

For the respondent there were briefs by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

A brief was also filed by *Pellette & Zillmer* of Milwaukee, as *amicus curiæ.*

FAIRCHILD, J. Annie Louise Benjamin died March 6, 1938. Her will was admitted to probate April 6, 1938. On

June 5, 1939, the federal estate tax of $496,848.91 was paid by the executors, and on July 14, 1939, the executors filed their final account and asked the county court to determine and adjudicate the inheritance tax payable by the estate. The date of hearing was October 25th. The judgment was rendered December 28, 1939. An amendment to sec. 72.01 (8), Stats. (ch. 204, Laws of 1939), became effective July 3, 1939. It reads in part:

"Inheritance and estate taxes imposed by the government of the United States shall be deemed debts and shall be deducted in determining the value of the property transferred."

Whether this applies to the estate of one who died before the statute became effective, but whose estate was not closed until after the effective date of the statute, is the question.

The fairness of the law before the amendment, requiring the fixing of the state inheritance tax without deduction of the federal estate tax, has been challenged from time to time when interests of particular individuals have brought that law to their attention. In *Estate of Week,* 169 Wis. 316, 319, 172 N. W. 732, Mr. Justice OWEN said with reference to the analogy between the deductions allowed for expenses of administration and the federal estate tax which was not a permissible deduction that:

"There may be some difficulty in reconciling this conclusion with the prevailing practice of deducting expenses of administration. We realize that our logic would lead to a rejection of such deductions. We have no disposition, however, to disturb the practice that has uniformly prevailed. . . . The construction placed upon the law in this respect by the courts of New York having been followed by the county courts and administrative officers of this state, with the acquiescence of the legislature, for upwards of twenty years, evidences a practical construction which only the legislature should change."

But the legislature did not respond to the suggested change, if such it may be considered, until its session of 1939 at

which time the amendment quoted above was adopted. The doctrine of the *Week Case* (1919), *supra,* was followed in *Will of Kootz* (1938), 228 Wis. 306, 280 N. W. 672, and *Estate of Nieman* (1939), 230 Wis. 23, 283 N. W. 452. The *Nieman Case* was the last of that series of cases.

The appellants contend the statute as amended applies to the *procedure* of determining inheritance taxes, and means that the court's determination subsequent to the passage of the act is controlled by it; that the statute is remedial, and is to be applied to all instances in which the legislature can provide a remedy; and that its application to all judgments to be entered after its effective date will breach no constitutional provision.

The state contends that the amendment applies only to the estates of persons dying after its effective date; that since the law grants a deduction not theretofore available, it affects *substantive* rights; that such a tax statute is to be construed to be prospective in its application unless otherwise provided; and that because the statute was not expressly written to apply retroactively, it is prospective.

To answer the ultimate question in this case it is necessary to decide two points: (1) Is the amendment to be considered retroactive or prospective in its operation? (2) If prospective, does it apply to substantive rights or to procedure?

The legislature, evidently in response to a growing public opinion, decided to abolish the practice of taxing as a part of the transfer the amount of the property that goes upon the passing of the estate to satisfy the federal government's estate tax, so that the basis of calculating the value of the property transferred will not include that part of the estate which in fact never reaches the transferee. It is now to be considered as a debt and a proper deduction. The amendment became effective July 3, 1939. Are those who inherited their property prior to that date to have the benefit of that legislation, or must they conform to the law as it was at the

time of the death of their transferor, which in this case was one year and four months before the effective date of the statute? The tax had already accrued and was at that time a lien on the property transferred. The question suggests itself, Was that lien modified or reduced? This particular tax is upon the transfer by which the transferee becomes the owner of the property, and that transfer is said to take place at the time of the death of the deceased owner. In construing the statute with reference to its remedial nature, and as to whether it is retroactive, we must have in mind that the order which closes the estate does not operate as a transfer of property. The transfer had taken place before the passage of the amendment. The amount of the tax had not been determined, but all the elements by which that amount was to be controlled in making a determination such as tax rates and deductions were in existence. These elements could not be changed except by a statute retroactive in its terms. And since there are no words used in the act showing an intent to alter conditions which had attached and become fixed, the estate cannot reap the benefits of the new deduction. Rules of construction negative the idea of an interpretation which would require a discrimination between transfers occurring at an identical time, just because the estates were closed at different times.

In *Will of LeFeber*, 223 Wis. 393, 396, 271 N. W. 95, it is said:

"The death of the owner of the property, by his will or by the law of descent, operates to effect the transfer. It does not in the case of personalty pass the title so as to support an action in replevin, but the heir or legatee derives his interest, not from the order of distribution by which the estate is closed, but from the statutes or the will, and the interest in that property passes at the death of the owner. 'The final decree of the county court . . . does not of itself transfer the title to property, but merely determines the persons entitled thereto and their respective interests therein.' *Latsch v. Bethke*, 222 Wis. 485, 488, 269 N. W. 243, 245."

The rule of construction requiring liberal interpretation of remedial statutes, so as to include cases within reason although outside the letter of the statute, is subject to limitations, where rights have become vested such as here where a tax has accrued and the lien has been established. In a discussion of this rule in 59 C. J. p. 1110, § 657, it says of remedial statutes:

"The rule of liberal construction is also limited in its scope by the further principles that statutes passed . . . affecting vested rights, although remedial, should be strictly construed."

The tax in this instance having accrued and a lien in favor of the state having come into being, the state has a substantial right of which it is not to be deprived except by clear legislative enactment.

While remedial statutes are to be construed liberally, we are not permitted to read in a meaning which would disturb substantive rights as they existed before its passage either in favor of the state or against it. The amendment is to the effect that in determining the value of the property transferred from and after July 3, 1939, the estate taxes imposed by the United States shall be deemed debts and shall be deducted. The transfers to which this new deduction applies must be transfers to occur thereafter.

The law has been changed and from the time the change became effective the federal estate tax is to be considered as a debt and the amount is to be deducted when the value of the property transferred is determined. In deciding whether the amendment applies to transfers occurring before its enactment or after we must give consideration to the plan and structure of the legislation. The declaration that the estate tax going to the United States "shall be deemed debts and shall be deducted" contains the phrase which accomplishes the change. This points to the time of the accruing of the tax and the occurring of the transfer which take place upon the death of the deceased owner as the event to be considered.

The additional words "in determining the value of the property transferred" but complete the statement of what is to follow upon the placing of the estate tax in the category of deductible debts. These last words can hardly be given the controlling influence which would be necessary to carry the operation of the statute to events practically completed before the act was passed. All transfers preceding that would have had a tax visited upon them from which they are not to escape so far as any provision in the amendment is concerned, even if the amount of that tax already accrued or for which a lien has come into existence has not been precisely fixed. There is an absence of positive language in the amendment indicating a purpose of the legislature to rearrange existing accrued taxes and liens or of relieving the property already transferred from burdens placed upon it. This statute as amended does not apply to future procedure alone, because the effective words of the statute as pointed out are "shall be deemed debts" and "shall be deducted." The construction appellant here advances would have the emphasis put on the words "in determining the value." In other words, although we consider ch. 204, Laws of 1939, prospective in application, it is prospective in that it applies to future transfers, not merely future determinations.

The doctrine to which we adhere is stated in *Will of Clark,* 182 Wis. 384, 196 N. W. 839, that the tax is to be computed in accordance with the laws existing at the time of the accrual. In that case the court was treating with a statute which provided that a child of a decedent be allowed a credit for the tax paid by the widow where she died within ten years of her husband, and that child acquired the property through her. The husband died in 1920, the statute was passed in 1921, and the wife died in 1922. The transfer was from the mother to the child. It took place after the statute was passed, so the statute was applied.

Here the statute provides for a deduction. It is a change in the law of inheritance taxes which unless specifically pro-

vided to apply retrospectively, applies prospectively. *State ex rel. Kieckhefer v. Cary,* 186 Wis. 613, 203 N. W. 397; *Estate of Pelishek,* 216 Wis. 176, 256 N. W. 700; *Hodges v. Inman,* 149 Miss. 785, 115 So. 893; Kidder, State Inheritance Tax, p. 12, § 8, and cases cited; Gleason and Otis, Inheritance Taxation (4th ed.), p. 304, § 3; 61 C. J. p. 1597, § 2345.

"Manifestly that tax is to be computed in accordance with the law existing at the time of its accrual." *Will of Clark, supra,* p. 386.

To give the deduction, then, would be to apply it retroactively, and the statute does not so provide. *State ex rel. Kieckhefer v. Cary, supra; In re Daly,* 180 App. Div. 307, 167 N. Y. Supp. 229. *In re Woestman's Estate* (Mo.), 253 S. W. 773, held that where there was no showing in a tax statute of a purpose to impose a tax on personal property still in the course of administration if the decedent died prior to the taking effect of the law, it would not be so applied.

The tax is not a tax on the estate itself, but rather a transfer tax measured by the value of the estate at the time of the transferor's death. *Estate of Stephenson,* 171 Wis. 452, 177 N. W. 579; *State v. Pabst,* 139 Wis. 561, 121 N. W. 351. What this statute does is to declare a deduction which lowers the measure of the tax, *i. e.,* the value of the estate at the time of decedent's death. *Belser v. South Carolina Tax Comm.* 120 S. C. 182, 112 S. E. 261; *Blodgett v. New Britain Trust Co.* 108 Conn. 715, 145 Atl. 56; *In re Gurnsey's Estate,* 177 Cal. 211, 170 Pac. 402; *In re Wall's Estate,* 138 Misc. 213, 245 N. Y. Supp. 310; *In re Satchell's Estate,* 150 Misc. 61, 268 N. Y. Supp. 363.

The exact question here presented was decided in *Hodges v. Inman, supra,* under an inheritance tax statute taken from New York, as was our own. The court rejected the idea that as a prospective statute it should apply to subsequent determination of the tax. There the decedent died before the statute was passed which increased specific exemptions

allowed as a deduction; and the tax had not been finally assessed and paid, but was in the process of determination when the statute was passed. The estate was denied the exemption.

This is not a procedural, but a substantive change. The distinction between the two was clearly pointed out in *In re De Cordova's Estate,* 199 App. Div. 492, 192 N. Y. Supp. 11. A substantive change alters the tax or the amount to be paid; whereas a procedural change affects the manner in which the fund is to be paid.

With reference to the fact that another bill, No. 462, S., was introduced into the legislature after the bill providing for this amendment had been considered by the committee, and that the other bill by its terms applied to estates of persons dying after passage of the law, we notice from the legislative history that no attempt was made to amend the bill providing for the present law which was then on its way through the legislative process. The appellants urge that the legislative indifference to bill No. 462, S., is an expression of an intention to make the bill which became a law retroactive, and an able argument is presented sustaining that view. But under the rules which are to be gleaned from the statutes and decisions, and giving due weight to the rule that the tax accrues and the transfer occurs at the death of the deceased, there is no occasion to look elsewhere than to the language of the act itself for the plan and purpose of its enactment.

We conclude that ch. 204, Laws of 1939, grants a deduction previously denied, and that it applies to all estates of decedents dying after its enactment.

*By the Court.*—Judgment affirmed.