Lovass, Appellant, vs. Olson, Respondent.

*March 10 — March 27, 1896.*

*Wills: Construction.*

1. A will, after giving to the testator's wife a life estate in all his property, made several bequests in form as follows: "I will and bequeath to my son J. the sum of $200, to be paid to him by my daughter B. [the residuary legatee] within one year after the death of my wife, if she survive me, and which, when paid, to be in full of his share of my estate." *Held*, that such bequests were absolute, and the condition in respect to the wife's survivorship affected only the time of payment.

2. Where there is a devise to one person in fee, and, in case of his death without issue, to another, the death referred to is death during the lifetime of the testator, unless the language of the will shows a different intention; and if the devisee survives the testator he takes an absolute estate in fee.

Appeal from a judgment of the circuit court for Vernon county: O. B. Wyman, Circuit Judge. *Affirmed.*

This is an appeal by *Jacob Olson Lovass*, son and one of the heirs at law of Johannes Olson Lovass, deceased, from a judgment and order of the circuit court of Vernon county construing the will of deceased, and assigning the estate, in accordance with said will, to the respondent, *Berutine Sophia Olson*, as residuary legatee thereunder. This matter was removed from the county court into the circuit court, and there tried, under the provisions of sec. 2452, R. S.

The second and third items of the will to be construed gave to the wife of testator a life estate in all his property, both real and personal. The fourth item gives $200

Lovass vs. Olson.

to his son, *Jacob Olson Lovass;* the fifth, $200 to the children of a deceased daughter, Mrs. Larson; and the sixth, $200 to a married daughter, Mrs. Gunderson. All of these legacies are expressed in the same terms. The first of them reads as follows: "Fourth, I will and bequeath to my son, *Jacob Olson Lovass,* the sum of two hundred dollars to be paid to him by my daughter *Berutine Sophia* within one year after the death of my wife, if she survive me, and which, when paid, to be in full of his share of my estate." In each of the three paragraphs (4, 5, 6) the words, "if she survive me," are interlined. The seventh item is as follows: "Seventh. All the rest, residue, and remainder of my estate, both real and personal, I give, grant, devise, and bequeath to my daughter *Berutine Sophia* (upon the death of my wife, Anna Berutine, in case she, my said wife, should survive me)." The eighth item reads: "Eighth. It is my further will that in case my said daughter, *Berutine Sophia,* shall die without issue of her body lawfully begotten, then and in that case the whole of my estate hereinbefore devised to her shall be equally divided between my children," etc.

It being admitted that the wife died before the testator, it is claimed on behalf of appellant that the whole will is thereby rendered nugatory, and that it appears from the reading of the will itself, and particularly from the phrases, "if she survive me," and "in case my said wife should survive me," in the fourth, fifth, sixth, and seventh items, that the testator intended it to take effect only in case his wife should outlive him. The court below held that the bequests were absolute, and this is an appeal from that determination.

For the appellant there was a brief signed by *C. M. Butt* and *Chas. W. Graves,* and oral argument by *Mr. Graves* and *Mr. J. M. Morrow.*

For the respondent there was a brief by *H. P. Proctor & Son,* attorneys, and *Losey & Woodward,* of counsel, and oral argument by *H. P. Proctor* and *G. M. Woodward.*

Lovass vs. Olson.

. WINSLOW, J.   Two contentions are made by the appellant:
First, that the fourth, fifth, sixth, and seventh clauses of the
will were rendered absolutely inoperative by the decease of
the testator's wife prior to the death of the testator; sec-
ond, that in case this proposition is held unsound, still the
respondent, as residuary legatee, under the seventh and
eighth clauses, took only a life estate, and that the property
should not have been assigned to her absolutely at the pres-
ent time.

1. In construing a will the court must consider the whole
will, and must give effect to the intent of the testator if it
can be gathered from the instrument and such intent be law-
ful.   Furthermore, a construction which gives effect to the
will, other things being equal, is to be preferred to one which
renders it nugatory.   These rules are trite.   Looking at this
will, we see at once that the general idea of the testator was
to provide for the support of his wife, and then to give the
bulk of his estate to the respondent, or her children, subject
to the payment of three legacies, of $200 each, to his other
children.   Did he intend this entire scheme to fail if his
wife's death preceded his?   We think not.   It appears that
the will was made in September, 1877; that the testator's
wife died about the year 1884; and that the testator died in
November, 1893.   Thus it appears that the testator pre-
served the will for nine years after the death of his wife,
and left it to take effect upon his death.   If he intended the
entire scheme of the will to depend on his wife's survivor-
ship, it is difficult to explain this conduct.   But, from the
language of the will itself, we are entirely satisfied that the
bequests and devises in question were not intended to be de-
pendent on the fact of the testator's wife surviving him.
The bequest in each case is, in the first instance, *absolute*
and *unqualified;* but it is to be paid by the residuary legatee
within one year after the death of the life tenant, *if she sur-
vive the testator*.   To our minds it seems certain that these

latter conditions, which follow the absolute gift, are not conditions affecting the gift itself, but simply affecting the time of payment. The testator's purpose was evidently to make it certain that in case of his wife's surviving him the property should remain intact during her life, and that the residuary legatee should have a year after the death of the wife to make these payments. If he desired to make all these bequests contingent on the fact of his wife's outliving him, he could easily have done so by placing the condition in its natural and logical place, thus, " *If my wife survive me, I give*, etc.," as was the case in the case of *Gibson v. Seymour*, 102 Ind. 485, which was much relied on by the appellant. See, also, *Yearnshaw's Appeal*, 25 Wis. 23.

2. The court was also right in construing the eighth paragraph of the will as vesting an absolute estate in the respondent. The rule is well settled that where there is a devise to one person in fee, and, in case of his death without issue, to another, the death referred to is death during the lifetime of the testator, unless there is language in the will which gives fair, clear, and reasonable ground for saying that the testator had a different intention. *Washbon v. Cope*, 144 N. Y. 287; *Benson v. Corbin*, 145 N. Y. 351.

*By the Court.*— Judgment affirmed.