CHESTERFIELD, Appellant, vs. HOSKIN and others, Respondents.

*October 16—November 5, 1907.*

*Wills: Construction: Devise on contingency: "Death:" "Widow:" Presumptions: Intestacy.*

1. The intentions of a testator, in so far as they are expressed in his will, must prevail, and no construction can be indulged which is in conflict with such intentions.

2. Where a testator by his will gave the residue of his estate to his son "for him and his use during his natural life, and *in case of his death*" to others, the word "death" contemplates the death of the son after the death of the testator, since the will could not go into effect until the death of the testator, and to hold that it referred to the death of the beneficiary prior to the death of the testator would frustrate the whole scheme of the will.

3. A testator, after giving his son a life estate in the residue of his estate, declared that in case his son died *without issue and leaving a widow* him surviving, one third of the residue was given to said "widow" and two thirds to nephews, and provided that if the son should die leaving issue of his body him surviving, then such residue should go to such issue, without otherwise making disposition of the residue. At the time of the execution, as well as the probate, of the will the son had a wife who subsequently died, and at the time of proceedings involving the construction of such will the son was living, unmarried, and without issue. *Held:*

    (1) The disposition of the residue of testator's estate was dependent on two alternatives, the happening of neither of which could presently be ascertained; one the death of the son leaving issue him surviving, the other death without issue and leaving a widow him surviving.

    (2) The testator must be presumed to have known and used the term "widow" as commonly understood.

    (3) It was error for the trial court to hold that the term "widow" referred to the son's wife living at the execution of the will and excluded a possible wife who might survive him.

    (4) In case the son died "without issue" and without leaving a "widow" the residue necessarily became intestate property.

APPEAL from a judgment of the circuit court for La Fayette county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

This action was commenced October 5, 1905. The complaint alleges, in effect, that the plaintiff is seised in fee simple absolute and in the actual possession of the lands therein described; that the defendants and each of them make some claim to said lands and demand judgment that the plaintiff's claim and title to said lands be established against any claim of either of the defendants; that the defendants and each of them be forever barred against having or claiming any right or title to said lands or any part thereof adverse to the plaintiff; and for general relief, with costs. The defendants, the three *Hoskins,* devisees in the will, and their wives, answered by way of admissions, denials, and counter allegations to the effect that one William Chesterfield, Sr., father of the plaintiff, now deceased, formerly owned said premises, and by his last will and testament, after giving certain specific bequests to other parties, he, by the fourth clause of his will, made the devise therein set forth, and which is found in full by the court and is sufficiently stated below. The defendants further allege that their claim to an interest in the lands described is based upon said will and the relationship existing between said testator and the defendants *Stephen, William,* and *John Hoskin,* who were children of Jane Hoskin, a sister of said testator. The cause having been tried, the court found in effect:

(1) That the testator died testate August 27, 1887; that his will was executed October 10, 1877, and was admitted to probate November 1, 1887. After providing for the payment of his debts and the expenses of his funeral and administration and a bequest of $100 for procuring a suitable monument, the will contains the following provisions:

"Third. I give and bequeath unto my grandson, William Thompson, son of Spencer Thompson of Wingville, Wisconsin, the sum of two thousand dollars out of the amount now

VOL. 133 — 24

owing to me by John Jeffrey, Esq., of Wingville, Wisconsin, said sum *to be invested by my executors* and reinvested as occasion may require, principal and interest, until my said grandson, William Thompson, shall arrive at the age of twenty-one years, when said principal sum and interest shall be paid over to said William Thompson, provided, however, in case my said grandson, William Thompson, *shall not arrive at the age of twenty-one years, then in that event* it is my will and desire that said principal sum and said interest shall *be paid to my nephews, Stephen Hoskin, William Hoskin,* and *John Hoskin,* children of my dear sister, Jane Hoskin, share and share alike. It is also my will and desire that in the investment of said sum aforementioned my executors shall give the said John Jeffrey the preference, and in case he desires to retain said sum on loan, to only charge and exact from him seven per cent. per annum, interest payable annually, but no more for the use thereof.

"Fourth. I give, devise, and bequeath unto my son, *William Chesterfield,* all the rest, residue, and remainder of my estate, both real and personal, *for him and his use during his natural life,* and in case of his *death without issue* and *leaving a widow* him surviving, *then in that event* I devise and bequeath all said rest, residue, and remainder of my said estate, both real and personal, *unto his said widow and said Stephen Hoskin, William Hoskin,* and *John Hoskin* in the following proportions, viz.: *One third to said widow* of my said son, and *two thirds thereof to my said nephews,* share and share alike; provided, however, *if my said son, William Chesterfield, shall die leaving issue of his body him surviving, then in that event* I give, devise, and bequeath all said rest, residue, and remainder of my said estate, both real and personal, *to said issue.*"

The will then names James Stephens and Joseph Dickinson as executors of his will.

(2) That the deceased left him surviving no widow and one son, the plaintiff in this action, and one grandson named William A. Thompson, the son of a deceased daughter, said son and grandson being his only heirs at law. The defendants *John, Stephen,* and *William Hoskin* are nephews of said

deceased, being the children of a deceased sister of said testator, and the other defendants are their respective wives.

(3) That the testator died the owner in fee of the real estate described; that he also left personal estate which went into the hands of his executor—a sufficient amount to pay the legacy of $2,000 given by said will to William A. Thompson and to pay all other charges upon said estate and the expenses of administration, and no more.

(4) That an executor was appointed and the estate regularly settled and a final decree rendered therein by the county court October 2, 1888, by which decree the accounts of the executor were settled and allowed. The testator was found to be the owner in fee of the real estate described. That all the rest, residue, and remainder of said estate, both real and personal, was by the said judgment assigned to the plaintiff under and subject to the provisions of said will. That the plaintiff, upon the death of his father, immediately entered into possession of all of said real estate and has since that time remained continuously in such possession.

(5) August 21, 1905, the said William A. Thompson and wife by quitclaim deed conveyed to the plaintiff the premises described.

(6) That William A. Thompson has long since arrived at the age of twenty-one years and the legacy given to him by the will has been paid.

(7) At the time the will was executed the plaintiff had a wife, Eva, who continued to live with him as his wife until March 23, 1905, when she died. That the plaintiff has remained unmarried and has never had any children.

(8) The defendants have in good faith defended the action not only as to their own rights and interests, but also any contingent interests or claims of any unborn child or children, and the court has considered and passed upon all such rights and interests the same as if such unborn child or children were in being and parties to this action.

As conclusions of law the court found in effect:

(1) That the words "in case of his death," in the fourth paragraph of the will, do not refer to the death of the plaintiff before the death of the testator. That the testator only intended to give to the plaintiff a life estate in the residue after the legacy of $2,000 to the grandson, and to make an independent disposition of the estate in remainder, and such disposition at the end of the life estate was the object of that part of the paragraph beginning with the words quoted.

(2) The term "a widow," in that paragraph of the will, refers to the plaintiff's wife, Eva, living at the time the will was executed and for several years after the testator's death, and does not refer to a possible second or third wife.

(3-6) Since the plaintiff can leave no "widow him surviving" by reason of Eva having died in his lifetime, two thirds of such residue of the estate passed under the will to the three *Hoskins*, nephews of the testator, and the other one third of such residue became intestate estate and passed to the plaintiff in fee conditional as the heir at law of his father and grantee of his nephew, William A. Thompson, subject to be defeated upon the death of the plaintiff leaving issue him surviving.

(7) Upon such findings and conclusions the court ordered judgment to be entered to the effect that the plaintiff, as against the defendants and each of them, their heirs and assigns and all persons claiming under them or either of them, is the owner in fee of said one third of such residue, and the defendants and each of them, and all persons claiming under them, are forever barred of all right or title thereto as against the plaintiff or those claiming under him; that the plaintiff is vested with an estate during his life in the remaining two thirds of such residue and, subject to the plaintiff's life estate, and the rights of any issue he may leave him surviving, such two thirds of such residue, as against the plaintiff and the said William A. Thompson, and all persons claiming un-

der them or either of them, are vested in the three *Hoskins*—nephews—in fee in remainder, and that they are entitled to the possession thereof upon the death of the plaintiff, but, in case the plaintiff shall die leaving issue him surviving, then in that case the said issue shall at the death of the plaintiff be seised and entitled to the possession of an absolute estate in fee simple of and to all of said real estate.

From the judgment entered in accordance with such findings and conclusions the plaintiff appeals.

For the appellant there was a brief by *Orton & Osborn,* and oral argument by *P. A. Orton.*

*A. W. Kopp,* for the respondents.

CASSODAY, C. J. 1. The decision of this case turns upon the construction to be given to the provisions of the will set forth in the foregoing statement. All agree that the intentions of the testator, in so far as they are expressed in the will, must prevail. Of course, no construction can be indulged which is in conflict with such intentions. There is no controversy as to the meaning of the third paragraph of the will. The executors were there required to invest and reinvest the claim against Jeffrey until the grandson became twenty-one years of age, and then the same was to be paid over to him; and in the event that he never arrived at that age, then the same was to be paid to the three nephews therein named. It is claimed on the part of the plaintiff that the words *"and in case of his death,"* in the fourth paragraph of the will, should be construed to mean the plaintiff's death prior to his father's. The will, of course, did not and could not go into effect until the death of the testator, which was about ten years after its execution. Had the plaintiff died prior to the testator, then he would have taken nothing by the will. In such an event the clause of that paragraph of the will to the effect that the testator gave and devised to the plaintiff "all the rest, residue, and remainder" of his estate, both real

and personal, "for him and his use during his natural life," would have been without significance.  To hold that the word "death" in the clause quoted refers to the death of the plaintiff prior to the death of the testator would be to frustrate the whole scheme of the will.  The trial court correctly held that the testator, by the word "death" in the clause quoted, contemplated the death of the plaintiff after the death of the testator when the will went into effect.  *Webber v. Webber,* 108 Wis. 626, 84 N. W. 896; *Korn v. Friz,* 128 Wis. 428, 107 N. W. 659.

2. After giving to the plaintiff a life estate as indicated, the will declares: "And in case of his [the plaintiff's] death *without issue and leaving a widow* him surviving, then in that event" the will gave one third of "all said rest, residue, and remainder" of "said estate, both real and personal, unto his said widow," and the other two thirds thereof to his three nephews, therein named, "provided, however," that if the plaintiff should "die leaving issue of his body him surviving, then in that event" the will devised and bequeathed "all said rest, residue, and remainder" of said estate "to said issue."  The plaintiff is still living and unmarried.  Thus it appears from the express language of the will that the disposition of such rest, residue, and remainder is dependent upon two alternative conditions, the happening of neither of which is at present ascertainable.  One is the death of the plaintiff leaving issue him surviving, and the other is "his death without issue and *leaving a widow* him surviving."  Whether he dies leaving issue him surviving or a widow him surviving can only be determined in the future.  A wife dying and leaving a husband her surviving can in no sense be regarded as a widow.  The plaintiff's wife, Eva, died March 23, 1905, leaving the plaintiff a widower her surviving, but that did not make her "a widow."  The testator must be presumed to have known the meaning of a term so common as that of "a widow."  Besides, the will limits that term to

one who may survive the death of the plaintiff. Unless the plaintiff leaves "a widow him surviving," neither of the three nephews mentioned in the will can take any of such rest, residue, and remainder *under the will*. In case the plaintiff should die "without issue" and without leaving "a widow," then in that event the will makes no disposition of any of such rest, residue, and remainder of said estate, and the same would necessarily go to the heirs at law of the testator as intestate estate.

What has been said covers all the questions determinable upon this appeal.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded with direction to enter a judgment in accordance with this opinion.