ESTATE OF SQUIER: SQUIER, by guardian *ad litem,* Appellant, vs. HOAG, Executor, and others, Respondents.

*April 5—April 30, 1929.*

*Wm. R. McCaul* of Tomah, guardian *ad litem,* for the appellant.

For the respondent B. L. Hoag, executor, there was a brief

by *H. A. Rose* of Marinette, and for the other respondents there were briefs by *Masters & Hansen* of Sparta; and the cause was argued orally by *L. A. Hansen*.

ROSENBERRY, C. J.   It appears that the testatrix was possessed of personal and real estate of the value of approximately $20,000.   On January 20, 1892, she and her husband adopted the child Gussie.   In 1908 Gussie was adjudged insane, and became an inmate of the Wisconsin Hospital for the Insane at Mendota.   The will was executed on July 20, 1916, at which time Gussie was thirty-two years of age. On March 15, 1917, Gussie was transferred to the Monroe county insane asylum, was pronounced incurably insane, and has been an inmate of the latter institution until the time of the hearing.   The testatrix died February 24, 1928.

One of the things regarded by the appellant as highly significant is that the testatrix, during the last twenty years of her life, boarded elsewhere, but she at all times kept her home exactly as it was at the time of Gussie's departure.   It is considered in the light of all the circumstances that the trial court correctly construed this will.   It is the contention of the guardian *ad litem* that under the third clause the devisees took an estate subject to be defeated by the subsequent recovery of Gussie, in which event the entire third bequest was to go to her.   It is equally apparent from the will that the testatrix did not expect her daughter to recover, for she gave to her by the second clause $10,000, with the proviso contained in the fourth clause that any part of it remaining unexpended at her death shall go to Bert L. Hoag.

No rule is better settled than that the law favors the early vesting of estates and in doubtful cases leans toward an absolute rather than a defeasible estate and toward a vested rather than a contingent estate.   *Smith v. Smith,* 116 Wis. 570, 93 N. W. 452; *Moran's Will,* 118 Wis. 177, 96 N. W. 367; *Will of Owens,* 164 Wis. 260, 159 N. W. 906.

A will speaks as of the time of the death of the testator. So read it is considered that the trial court correctly held that the provision in clause 6 of the will referred to a recovery of the adopted daughter Gussie prior to the death of the testatrix, and that she did not thereby intend that the estate granted by the third clause of her will should be defeated in the event that her daughter Gussie should recover subsequent to the death of the testatrix.

It seems equally plain that the language of the will is subject to no other interpretation than that such part of the $10,000 bequeathed to her daughter under the second clause of her will as should remain unexpended at the time of her daughter's death should become the property of Bert L. Hoag.

*By the Court.*—Judgment affirmed.