## WILL OF CALDWELL: APPEAL OF CALDWELL.

*September 18—October 13, 1931.*

For the appellant there was a brief by *G. W. Blanchard* of Edgerton, attorney, and *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville of counsel, and oral argument by *Hiram M. Nowlan* of Janesville and *W. Stanley Slagg* of Edgerton.

For the respondent there was a brief by *Geo. G. Sutherland* of Janesville, attorney, and *Dexter I. Munson* of London of counsel, and oral argument by *Mr. Munson.*

FAIRCHILD, J. "The rule is well settled that where there is a devise to one person in fee, and, in case of his death without issue, to another, the death referred to is death during the lifetime of the testator, unless there is language in the will which gives fair, clear, and reasonable ground

for saying that the testator had a different intention."
*Lovass v. Olson,* 92 Wis. 616, 67 N. W. 605. The language of the will under consideration here is such that its construction, controlled by the rule quoted, makes the death of the legatee mentioned refer to a death occurring during the lifetime of the testatrix.

The words in the will upon which respondent relies in support of the conclusion reached by the court below are the exception clause, wherein the testatrix provided "that in case my said son James Laurien Caldwell should die without issue then I direct," etc. Under the first clause of this paragraph the residue of the estate, which apparently includes the bulk of the property left by the testatrix, is given to the three children in equal shares. James's share, like the others, is an equal share except he die without issue.

The second clause does not change the nature of the estate given to him, for the law favors the early vesting of estates, leans toward an absolute rather than a defeasible estate, and the intention of the testator found in the will under these fixed rules of construction is to give him, in fee absolute, if he survive her, a one-third share of the estate. *Will of Owens,* 164 Wis. 260, 159 N. W. 906; *Will of O'Brien,* 173 Wis. 41, 180 N. W. 141; *Estate of Squier,* 199 Wis. 51, 225 N. W. 184.

The respondent cites a number of cases in support of his contention, but these are distinguishable from the case at bar, and a number of them were discussed and the features which distinguished them from this were pointed out in an opinion by Mr. Justice MARSHALL in *Will of Owens, supra.* It was there said:

"As indicated by the very language of the rule, and by many adjudications, such as *Miller v. Payne,* 150 Wis. 354, 374, 136 N. W. 811; *Chesterfield v. Hoskin,* 133 Wis. 368, 374, 113 N. W. 647, the death mentioned may refer

to one subsequent to that of the testator; but the presumption is otherwise and will prevail in the absence of some pretty clear indication to the contrary found in the language of the will. In case of there being such, the presumption is thereby effectually displaced as indicated in *Korn v. Friz,* 128 Wis. 428, 107 N. W. 659, and similar cases."

The will here under consideration is so worded that we must hold the testatrix intended James Laurien Caldwell, in case he survived her, should take an absolute estate in fee in the property devised; that the death referred to in this clause of the will meant the death of James prior to the death of the mother.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.