CENTRAL WISCONSIN TRUST COMPANY, Trustee, Respondent, vs. NORTHWESTERN SECURITIES COMPANY, Appellant.

*September 14—October 10, 1933.*

For the appellant there were briefs by *Mason & Priestley,* and oral argument by *Richard Rynders,* all of Madison.

For the respondent there was a brief by *Gilbert, Ela, Heilman & Raeder* of Madison, and oral argument by *Roman Heilman* and *G. Burgess Ela.*

WICKHEM, J. Defendant contends that the allegations of the complaint are not sufficient to show title in plaintiff to the cause of action attempted to be stated, and this for two reasons: first, that it is not sufficiently alleged that the cause of action was a known and inventoried asset of the estate, and that it formed as such a part of the residue of the estate, and that it formed as such a part of the residue of the estate; second, that the allegation that the residue of the estate was assigned to the plaintiff is insufficient as an allegation that the cause of action was assigned to plaintiff.

The contentions of the defendant are based upon the recent decision of this court in *Zartner v. Holzhauer,* 204 Wis. 18, 234 N. W. 508. In that case it was held that the claim for damages for fraud or deceit survived to the personal

representative of the deceased owner of the cause of action. The court, speaking through Mr. Justice OWEN, said:

"The claim for damages manifestly represented an intangible asset of the estate and one which went to the personal representatives rather than to the legatees."

The court further said:

"The action, therefore, was one which should have been brought by the executor or administrator *de bonis non*. The allegations of the complaint show no right in the plaintiff to maintain this action further than that he was a residuary legatee under the will of Emma Zartner, deceased. It is not shown that the right of action was assigned to him or that he ever in any manner acquired title thereto."

Plaintiff does not question the validity or scope of the decision in the *Zartner Case*. It concedes that it must show an assignment of the cause of action, and that it has no standing as a residuary legatee or by virtue of the mere assignment of the note and mortgage. Hence the sole question involves the sufficiency of the allegations that the cause of action formed a part of the residuary estate, and that it was assigned to plaintiff. These appear to us to be sufficient upon demurrer to show title in the plaintiff to the cause of action stated. It is unnecessary to determine whether the cause of action must have been discovered and inventoried in order to form a part of the estate of the decedent. Even if defendant's contention in this respect is sound, it is of no materiality if the allegation that the cause of action was a part of the residuary estate is a statement of ultimate fact and not a mere conclusion of law, for in the latter event the fact that the existence of the cause of action was known to the executor and inventoried would simply constitute evidentiary proof of the ultimate fact alleged. We regard the allegation as at least one of mixed fact and law. Assuming, without deciding, that defendant's contention is sound as to the requirement of knowledge and inventory, these facts, to-

gether with the circumstance that it was not required to pay debts or legacies and not specifically devised or bequeathed, would constitute it a part of the residuary estate. It seems to us that the items heretofore mentioned are the evidentiary facts, and that the statement that the cause of action is a part of the residuary estate is one of ultimate fact, although it is arguable that since a rule of law operates upon these facts to make the cause of action a part of the residuary estate, the allegation is a mixed allegation of law and fact.

Having reached this conclusion, it follows that the allegation that the rest, residue, and remainder of this estate was assigned to plaintiff sufficiently indicates that plaintiff's title is based not upon its position as trustee or assignee of the note and mortgage, but rather upon an assignment divesting the title of the executor to whom, under the doctrine of the *Zartner Case,* the cause of action passes upon the death of the testator.

These conclusions compel an affirmance of the order.

*By the Court.*—Order affirmed.