Latsch, Respondent, vs. Bethke, Appellant.

*September 15—October 13, 1936.*

486

For the appellant there was a brief by *Greenwood & Kiessling* of Lake Mills, attorneys, and *Frank T. Boesel* of Milwaukee of counsel, and oral argument by *W. E. Kiessling*.

For the respondent there was a brief by *Hill, Beckwith & Harrington,* and oral argument by *George A. Solsrud,* all of Madison.

ROSENBERRY, C. J.   The defendant demurs upon seven grounds.   Substantially all of the questions argued can be considered under the first ground: That the complaint does not state facts sufficient to constitute a cause of action, and the seventh ground: That the action was not commenced within the time limited by law.   The defendant contends that in order to state a cause of action it should have been

averred, first, that the subject matter of the action, an undivided one-half interest in the Latsch note and mortgage, was included in the inventory of the estate of Louis Bethke, deceased; second, that the final judgment in the estate of Louis Bethke, deceased, assigned an undivided one-half interest in the Latsch note and mortgage to the plaintiff; third, that Edward H. Latsch as executor of the estate of Louis Bethke, deceased, by separate instrument of assignment, assigned a one-half interest in the Latsch note and mortgage to the plaintiff; fourth, that the executor has been discharged from his position of trust; fifth, that the executor has refused to bring this action; sixth, that the executor has colluded with the defendant and refuses to bring this action; and, seventh, that payments of money made by the defendant were made in recognition of the claim of the plaintiff, that is to say, that she was the owner of an undivided one-half interest in the Latsch note and mortgage.

The defendant contends that all of the above facts must be alleged before the plaintiff can state a cause of action against the defendant. It is considered that the position of the defendant is not well taken. The whole contention of the defendant relates to the effect of the allegations contained in the complaint with respect to plaintiff's title to the fund in question. From those allegations it clearly appears that the estate of Louis Bethke has been fully administered and the personal property and choses in action belonging to said estate have been assigned to the plaintiff. It is considered that this is a sufficient allegation of title.

It is the contention of the defendant that the failure to include the asset in question in the inventory makes the final decree of the county court of Jefferson county ineffective as to the title to this asset. We are cited to no authority so holding and we find none. The final decree of the county court distributing the estate of a testator does not of itself transfer the title to property, but merely determines the per-

sons entitled thereto and their respective interests therein. *Jones v. Roberts* (1893), 84 Wis. 465, 54 N. W. 917; *Gillett v. Treganza* (1861), 13 Wis. *472.

Sec. 311.10, Stats., provides for the appointment of an administrator for the purposes therein specified, but it appears from the allegations of the complaint that the intervention of a special administrator is not necessary in this case.

It is argued on behalf of the defendant that statements contained in the complaint with regard to the plaintiff's title are conclusions of law. It is considered that this contention is not well taken. If a plaintiff alleges that he is the owner of certain premises, describing them, he is not required to set forth in his pleading his chain of title. The allegations contained in the complaint are no more conclusions of law than is the allegation that A owns certain premises. *Board of Supervisors v. Mineral Point Railroad Co.* (1869) 24 Wis. 93, 119; *Central Wis. Trust Co. v. Northwestern S. Co.* (1933) 212 Wis. 597, 250 N. W. 384.

If title to the asset in question passed to the plaintiff, then the other contentions of the defendant fall by the wayside. Defendant relies upon *McKenney v. Minahan* (1903), 119 Wis. 651, 97 N. W. 489. In that case there was no showing that the minor heir held title under a decree of a court in which the estate of his mother had been finally administered. It is true that the title to personalty does not descend as does the title to realty to the heir. That title can be passed only by proper administration proceedings, but that such proceeding had been had appears from the allegations of the complaint in the case at bar. This being true, the other contentions of the defendant upon this branch of the case cannot be sustained.

It is also considered that the action was commenced within the time limited by law. What the plaintiff in effect seeks to do is to establish the fact that the defendant held title to this

chose in action in trust for Louis Bethke, and that as legatee under his will she has succeeded to that right. What she seeks is an accounting by the trustee or co-owner of the trust. If Louis Bethke did not furnish the money and it was not accepted by the defendant to be held by him for the benefit of Bethke, there can be no recovery by plaintiff in this case. This is not an action upon contract express or implied, nor for relief on the ground of fraud.

*By the Court.*—The order appealed from is affirmed.