WILL OF LEFEBER: ESTATE OF LEFEBER, Respondent, vs. THE STATE, Appellant.

*November 12, 1936—January 12, 1937.*

For the appellant there was a brief by the *Attorney General* and *Joseph G. Hirschberg,* deputy attorney general, attorneys, and *Neil Conway,* inheritance tax counsel, of counsel, and oral argument by *Mr. Hirschberg* and *Mr. Conway.*

*Harold W. Connell* of Milwaukee, for the respondent.

FOWLER, J.   Sec. 11, ch. 490, Laws of 1935, by its terms imposed, in addition to all other inheritance taxes, an emergency tax for relief purposes upon all transfers of property taxable under the normal inheritance tax statutes (ch. 72, Stats.), which were made subsequent to June 30, 1934, and prior to January 1, 1935, equal to twenty-five per cent of the excess of the normal tax over $1,500.   The section, after imposing the tax, expressly provided that it should not apply to any transfers of property in estates closed at the time of its enactment.   The state made claim for assessment of a tax of over $31,000 against the executor of LeFeber's will under the section.   LeFeber died September 15, 1934.   His estate was not closed when the section was enacted, September 21, 1935.   The county court disallowed the claim on the ground that the section violates the due process and equal protection clause of the Fourteenth amendment to the constitution of the United States and sec. 1, art. VIII, of the constitution of Wisconsin because retrospective and violative of vested rights and because "arbitrary, capricious, and discriminatory."

We shall pass the contentions of the parties relating to the retrospective feature of the section.   Assuming, but not deciding, that the retrospective feature of the section does not

void it, and also assuming, but not deciding, as the state seems to contend, that the provision of sec. 1, art. VIII, of the state constitution, that "the rule of taxation shall be uniform" does not apply to taxation of inheritances, we are of opinion that the section violates the Fourteenth amendment because no reasonable distinction can be made to support the classification attempted by it. It is obvious that, if two persons with estates of value sufficient to support taxation under the terms of the section die upon the same day within the period covered by the section, the estate of one being closed September 20, 1935, and the other September 22, 1935, it is unequal taxation, the recipients of the property inherited are not treated equally under the law, if the estate of the latter is taxed and that of the former is not. The same is true as to any other estates taxable under the section the owners of which die on the same day, the estate of one being open and taxed and that of the other being closed and not taxed, and it is true of the estates of all persons taxable under the section who die within the period of the section if the estates of those not closed are taxed and the estates of those closed are not taxed. It seems to us beyond reasonable controversy that putting closed estates of persons dying within the period in one class and not taxing them, and the unclosed estates of others dying within the period and taxing them, is arbitrary and discriminatory classification. It is true that the legislature may limit the period to which taxation of the nature involved shall apply, and the period is limited to the last six months of 1934. But deaths occurring within that period, not the closing of estates after the date of the enactment, must determine the matter of taxation. We are dealing with an inheritance tax. Inheritance is the basis of the taxation. Death of the owner of the property is the fact that inheritance rests upon and the fact that taxation of the inheritance must rest upon. As the supreme court of the United States expresses the idea, the "occasion" of an inheritance tax is

the death of the deceased owner. *Binney v. Long,* 299 U. S. 280, 57 Sup. Ct. 206.

It does not save the section to say, as we said in the recent case of *State ex rel. Froedtert G. & M. Co. v. Tax Comm.* 221 Wis. 225, 265 N. W. 672, 267 N. W. 52, that the tax is one upon the transaction by which the property is transferred, for the property is transferred, not by the closing of the estate, but by the death of the owner, and it occurs at the time of the death of the owner. *Estate of Stephenson,* 171 Wis. 452, 177 N. W. 579. The order closing an estate does not operate as a transfer of property. The death of the owner of the property, by his will or by the law of descent, operates to effect the transfer. It does not in the case of personalty pass the title so as to support an action in replevin, but the heir or legatee derives his interest, not from the order of distribution by which the estate is closed, but from the statutes or the will, and the interest in that property passes at the death of the owner. "The final decree of the county court . . . does not of itself transfer the title to property, but merely determines the persons entitled thereto and their respective interests therein." *Latsch v. Bethke,* 222 Wis. 485, 488, 269 N. W. 243, 245.

We are also of opinion that the section of the statute is discriminatory for omitting from its operation the period between January 1, 1935, and March 14, 1935, in view of the fact that the reason for the fixation of the period covered by the section was that other statutes imposed inheritance taxes for emergency relief except from June 30, 1934, to March 14, 1935. Why the seventy-three days between January 1 and March 14, 1935, were omitted passes our understanding. It is true that, if any reasonable basis for classification can be discovered a statute is not void because some persons are taxed under it and others are not. But the section involved was supplementary to sec. 3, ch., 15, Laws of

1935, which imposed in the precise language of the instant section, except as to dates and amounts of exemptions, a twenty-five per cent "emergency relief tax on transfers of property" "made subsequent to the enactment 'hereof' and prior to July 1, 1937." The date of this enactment was March 14, 1935. Another statute, sec. 3, ch. 363, Laws of 1933, imposed, in the same language as the instant section except as above noted, a like "emergency relief [inheritance] tax" on transfers of property made between the date of its enactment and July 1, 1934. Manifestly the instant tax was intended to tax transfers not covered by these other statutes. To exclude seventy-three days from the period during which other taxes were not imposed, and to include the rest of the period, was discrimination without any conceivable reason whatsoever. From July 1, 1934, to March 14, 1935, was the only period between 1933 and July 1, 1937, during which transfers were not already taxed. The freedom of this period from such taxation was manifestly the basis for the imposition of the instant section.

It may further be noted that more than a year elapsed between the death of LeFeber and the enactment of the instant section of the statutes. The payment and collection of the tax attempted to be imposed by the section was subject to all provisions of the normal inheritance tax statutes. The normal statutes provide for a deduction of five per cent from the tax if it is paid within one year from the death of the decedent. In the instant case there was no opportunity to avail of the five per cent reduction which amounts to nearly $1,600. Thus the decedent's estate would be taxed $1,600 more than the estate of a decedent owning a like estate who died a few days after he did would be taxed. In other words, the decedent's estate by the statute would necessarily and unavoidably be mulcted by a penalty of $1,600, while the same estate of a decedent dying ten days later was not

unavoidably subject to any penalty. Thus fixing the date of the closing of the estate as the limitation of the imposition of the tax leads to inequality and subjects the instant estate to a burden not imposed on others. *Portuondo's Estate,* 19 Pa. Co. Ct. Rep. 419, 424, so holds upon a like state of facts. Objection to the tax on this ground by the respondent might perhaps be avoided by giving the estate the benefit of the deduction, but the state is demanding the amount of the tax without deduction.

Perhaps we should not void the section of the statute involved as discriminatory and arbitrary without citation of some authority to support the ruling. The state has cited general statements from numerous decisions, including some of this court and some of the United States supreme court, under which it claims the classification created by the section is not discriminatory. The respondent has cited statements from other decisions under which he claims that it clearly is discriminatory. We consider that the statements and the citations below quoted and given are sufficient to justify our ruling.

This court stated in *Black v. State,* 113 Wis. 205, 221, 89 N. W. 522:

"It is a trite expression that classification, in order to be legal, must be rational; it must be founded upon real differences of situation or condition, which bear a just and proper relation to the attempted classification, and reasonably justify a difference of rule."

It is stated in *Nunnemacher v. State,* 129 Wis. 190, 221, 108 N. W. 627, that "uniformity of taxation or even equality of taxation, as applied to excise taxes, must necessarily mean taxation which does not discriminate, but which operates alike on all persons similarly situated." It is stated by the supreme court of the United States in *Schlesinger v. Wisconsin,* 270 U. S. 230, 46 Sup. Ct. 260, 261, 70 L. Ed. 557,

that "classification for purposes of taxation must rest on some reasonable distinction;" and in *Colgate v. Harvey*, 296 U. S. 404, 56 Sup. Ct. 252, 256, 80 L. Ed. 299, that "classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' "

The inequality here involved rests upon exemption from taxation, but the rule requiring equality "may be as effectively abrogated by arbitrary exemptions from taxation as by arbitrary impositions." *Lawrence University v. Outagamie County*, 150 Wis. 244, 250, 136 N. W. 619. "The test to be applied in such cases as the present one is : Does the statute arbitrarily and without genuine reason impose a burden upon one group of taxpayers from which it exempts another group, both of them occupying substantially the same relation toward the subject matter of the legislation ?" *Colgate v. Harvey, supra,* page 423. The last pronouncement of the supreme court of the United States upon the subject is *Binney v. Long, supra.* The facts in that case are too complicated to permit of adequate statement within proper limits of this opinion, but the classification here attempted seems to us as clearly arbitrary, unreasonable, and discriminatory as the one there held to void taxation for that reason.

The only semblance of support for the classification here involved is that the method of collection of the tax is more convenient in estates not closed than in closed estates. This does not in our opinion constitute a sufficient basis for classification. It has not "fair and substantial relation to the object of the legislation," as it must have under the rule of *Colgate v. Harvey, supra.* The plain, blunt, unavoidable fact is that recipients of inheritances by deaths occurring at the same time are not taxed if the decedents' estates happened to be closed at the time of the enactment and are taxed if

they happened not to be. This discrimination cannot be excused merely because a means of collection available in a case in one class is not available in a case in the other.

Reasons other than those above stated for holding void the section of the statute involved are presented in respondent's brief. We do not consider them because those above stated are in our view sufficient.

*By the Court.*—The order of the county court is affirmed.