Roick, Appellant, vs. Roick, Trustee, and others, Respondents.

*October 9—November 7, 1939.*

For the appellant there was a brief by *Robert F. Holmes,* attorney, and *Hill, Miller & Hill* of counsel, all of Baraboo, and oral argument by *Mr. Holmes* and *Mr. James H. Hill, Sr.*

For the respondents there was a brief by *Kopp & Brunck-horst* of Platteville, and oral argument by *Arthur W. Kopp.*

ROSENBERRY, C. J.   The trial court was of the view that this case was ruled by *Hahn v. Keith* (1920), 170 Wis. 524, 527, 174 N. W. 551, in which view we concur.   In the *Hahn Case,* Joseph Keith, the original plaintiff, died during the pendency of the action, and Hahn, administrator, was substituted.   In the opinion for convenience Joseph Keith was

called the "plaintiff." William Keith, the father of the plaintiff and the common ancestor of the parties, died about 1872, leaving him surviving a daughter, Rachel, a son, Joseph, the plaintiff, a daughter, Margaret, a daughter, Elizabeth, a daughter, Nancy, a daughter, Iona, and a son, George Wesley Keith. His widow, Sarah Keith, never remarried and died in 1892. She continued to reside on the farm until November, 1883, when she removed therefrom and never returned to it as her residence. The plaintiff claimed title to the land through a deed from his mother executed in 1883 and adverse possession since the death of his father. The action was begun June 4, 1917. After the death of the father, the plaintiff, the oldest son, and the mother continued to live on the farm with the other children. As soon as the other children reached a suitable age, they went out to work returning occasionally for longer or shorter periods as suited their convenience. After they left the farm they contributed very little to the support of the mother. Joseph was married in 1871. At the time he received the deed from his mother he gave her a mortgage. In 1896 he executed and recorded a mortgage to one Lizzie Fish and another one in 1901. Plaintiff lived continuously upon the farm with his mother after the death of his father up to the time of the trial except for about two years prior to November 3, 1883, when he lived on an adjoining farm, and from November, 1883, he had exclusive possession of the farm until the time of the trial. He paid the taxes, the land was assessed to him; he made valuable improvements. The brothers and sisters who were living testified at the time of the trial that they were satisfied to let him have the use of the farm while he lived, and supposed that at the time of his death they would receive their share, and gave this as the reason why they never asked for an accounting. The trial court found that the plaintiff had title by adverse possession and entered judgment quieting title in Joseph, which judgment was affirmed by this court.

It is considered that the facts in the present case present a much stronger case of adverse possession than do the facts in the *Hahn v. Keith Case, supra.* The plaintiff, however, argues that the possession of the defendants Robert and Ida was in the beginning permissive, and that Robert and Ida made no declaration or committed no act which brought home to the plaintiff knowledge of their hostile claim to the premises. When consideration is given to the fact that the plaintiff resided upon an adjoining farm, and that during all of the years neither she nor her deceased husband ever made any claim to the proceeds of the farm; that some sort of settlement or arrangement was made between the children with respect to the disposition of the father's estate; that Robert and Ida occupied and improved the premises, used the proceeds derived from the sale of farm produce in all respects as if it were their own, the conclusion cannot be escaped that the plaintiff and her husband not only knew of but acquiesced in the adverse claims of Robert and Ida. How else can the fact that Robert's estate was administered and assigned to Ida as the sole heir as if he and she were sole owners thereof, without any objection on the part of the plaintiff, be explained. Likewise the estate of Ida was administered as if she were sole owner thereof, no claim filed against her estate by the plaintiff and it was assigned to the individuals, defendants in this action, as if she were sole owner. Not until she was seventy-eight years of age, nearly thirty years after the death of Theodore Roick, did Bertha make any claim to the premises in question. The plaintiff lays great emphasis upon the fact that Robert as administrator of the estate of Theodore Roick caused a judgment to be entered assigning the estate to Herman, Robert, and Ida. Robert and Ida did not take title under the judgment. They derived their title from their father by descent. The final decree of the county court distributing the estate of the father did not transfer the title but merely determined the

persons entitled thereto and their respective interest therein. *Latsch v. Bethke* (1936), 222 Wis. 485, 269 N. W. 243. The trial court did not proceed upon the theory that Robert and Ida were owners in fee from the beginning but that in hostility to the title of Herman and the plaintiff they adversely possessed the premises for more than twenty years, which under the statute bars the title which would otherwise have been in Herman and the plaintiff as his heir. Upon controverted points the findings of the trial court were sustained by the evidence, the court correctly applied the law, and its judgment must be affirmed.

*By the Court.*—Judgment affirmed.