WILL OF MARSHALL: WILEY, Executor, Appellant, vs. STATE DEPARTMENT OF TAXATION, Respondent.

*October 10—November 8, 1940.*

For the appellant there were briefs by *Wiley & Wiley* of Chippewa Falls, and oral argument by *Marshall A. Wiley.*

For the respondent there was a brief by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons.*

FRITZ, J.  On this appeal the executor's contentions relate solely to an inheritance tax of $23,316.41, which the court held was payable on the legacy to Rosa Jenkins under the residuary clause in the will of Mary E. Marshall, who died on January 23, 1939.  The will was filed on January 28, 1939, but objections were filed thereto and it was not admitted to probate until March 20, 1939.  Meanwhile Rosa Jenkins died on February 10, 1939, eighteen days after the testatrix's death and thirty-eight days prior to the admission of the will to probate.  Rosa Jenkins was survived by two children, R. D. Jenkins and Mary J. Wiley.  The residuary clause reads :

"All the rest, residue and remainder of my estate and all lapsed bequests, I give, devise and bequeath to my sister-in-law, Rosa Jenkins, and should she be dead at the time of my death I give, devise and bequeath such residue and remainder to the heirs of my brother, Sam Jenkins, and my sister-in-law, Rosa Jenkins."

Appellant contends that because she died prior to the admission of the will to probate and without having come into actual possession or enjoyment of her legacy, no inheritance tax can be imposed under secs. 72.01 and 72.24, Stats., upon her as a legatee.

These statutes, so far as here material, read:

Sec. 72.01: "A tax shall be and is hereby imposed upon any transfer of property, . . . to any person . . .

"(1) When the transfer is by will or by the intestate laws of this state from any person dying possessed of the property while a resident of this state."

Sec. 72.24: "The word 'transfer,' as used in sections 72.01 . . . shall be taken to include the passing of property or any interest therein, in possession or enjoyment, present or future, by inheritance, descent, devise, succession, bequest, . . . in the manner herein prescribed."

Appellant claims that, in order to have sufficient basis for imposing the tax under these statutory provisions, there must have been a "transfer" of property by the will to Rosa Jenkins "in possession or enjoyment, present or future;" that these words mean that the transferee must have an actual possession or enjoyment, and the word "present" cannot mean co-existent with the death of the testatrix because the delivery of possession must wait upon the fulfilment of the conditions imposed by law for the admission of the will to probate and the administration of the estate; and that, although Rosa Jenkins was living at the time of the death of the testatrix, and thus satisfied the condition of the bequest and would have been entitled to claim the residuum had she lived, nevertheless, by reason of her death before the will was admitted to probate, she possessed,—as far as the will was concerned,— only a naked claim to the residuary estate if the will was admitted to probate. Appellant claims that the residuary legatee had nothing more under these circumstances; no particular piece of property, or sum of money; and that she

died not only without realizing her legacy, but without the right to possession of the residuum, or even judicial recognition that she had any right to call herself the residuary legatee.

These contentions cannot be sustained. At the time of the death of the testatrix there then passed under and by virtue of the will to Rosa Jenkins, who was then living, such an interest in the residuum "in possession and enjoyment, present and future" as to constitute such passing thereof a "transfer" within the definition of the latter word in sec. 72.24, Stats., and this transfer was subject to the inheritance tax imposed thereon by sec. 72.01, Stats. The established rule in this state is that the interests of legatees and devisees in the property of a decedent pass to them at the time of the death of the testator; and that, although sec. 238.18, Stats., provides that, "No will shall be effectual to pass either real or personal estate unless it shall have been duly proved and allowed in the county court as provided in these statutes," nevertheless when a will is proven and allowed it relates back to and is effective from the time of the death of the testator, and is to be treated as speaking from that moment. *Bridge v. Ward,* 35 Wis. 687, 691 *et seq.; Scott v. West,* 63 Wis. 529, 552, 24 N. W. 161, 25 N. W. 18; *Prickett v. Muck,* 74 Wis. 199, 205, 42 N. W. 256; *Patton v. Ludington,* 103 Wis. 629, 639, 79 N. W. 1073; *Estate of Squier,* 199 Wis. 51, 54, 225 N. W. 184. These decisions are all in accord with the statement in *Bridge v. Ward, supra* (p. 692),—

" 'It recognizes and vests the title in the devisee from that moment. It would otherwise happen, that if he should die before the probate, having accepted of the devise, no title could vest in him; but the bounty of the testator would be defeated. Such a construction of the section would be productive of the grossest mischiefs; and there is not a word in the section which authorizes or even countenances it. The section only provides, that no will shall be effectual to pass real estate, unless it shall have been duly proved; not, until

it shall have been duly proved. When proved, it is to all intents and purposes a will; and it is to operate upon the interests of the testator when he intended, that is, from the time of his death.' "

As was stated in *In re Estate of Deschamps,* 65 Mont. 207, 213, 212 Pac. 512,—

"The title of the devisees does not originate either in the probate of the will or in the decree of distribution that may be or that has been entered, but title comes from the deceased through the will the instant of his death."

Consequently, as the will, upon being admitted to probate, took effect, by way of relation back, as of the death of the testatrix, and as Rosa Jenkins was then living, the legal operation of the will was to then pass and transfer to her a present property interest in the residuum; and that interest then vested in her unconditionally and continued to be so vested at the time of her death eighteen days after the testatrix died. By reason of Rosa Jenkins' survival, no interest in the residuum passed to her children or heirs from the testatrix by virtue of her will. The occasion of the transfer, upon which the tax in question became imposed by sec. 72.01, Stats., is the death of Mary E. Marshall; and, as the right of Rosa Jenkins to the entire interest in the residuum became vested in her as of the time of that death, it was proper in the administration of Mary E. Marshall's estate to compute the tax upon the value of that interest as it passed to Rosa Jenkins at that time. *State v. Pabst,* 139 Wis. 561, 121 N. W. 351; *Estate of Week,* 169 Wis. 316, 172 N. W. 732; *Estate of Stephenson,* 171 Wis. 452, 177 N. W. 579; *Will of Stevens,* 177 Wis. 500, 188 N. W. 484; *Will of LeFeber,* 223 Wis. 393, 271 N. W. 95; *Will of Kootz,* 228 Wis. 306, 280 N. W. 672; *Estate of Nieman,* 230 Wis. 23, 283 N. W. 452; *Estate of Benjamin,* 235 Wis. 152, 292 N. W. 304. That tax accrued as of that date, and the subsequent death of Rosa Jenkins neither defeated nor affected her right to succeed to the ownership and

possession of the property as of that date. Consequently, her death did not defeat or affect in any way the tax which had accrued at the time of the testatrix's death, and had then become an incident to the vesting at that time of the entire interest in the residuum in Rosa Jenkins.

The rather unusual consequences that, by reason of Rosa Jenkins' survival and the passing of the residuum to her upon the testatrix's death, so that this transfer then became subject to the tax in question, and that, on the other hand, upon Rosa Jenkins' death shortly thereafter the property again passed from her to her heirs so that, in the administration of her estate, the second transfer also became subject to an inheritance tax on the interest which then passed from her to her heirs, does not result in double taxation, because there are, in fact, two separate independent transfers, each of which is subject to the tax imposed by sec. 72.01, Stats. In so far as this imposition of taxes may operate unfairly in cases of such successive transfers within so short a period, there may be occasion for an exemption by legislation similar to the provision in sec. 72.04 (2), Stats., that "Any child of the decedent [husband] shall be entitled to credit for so much of the tax paid by the widow as applied to any of the same property which hereafter shall be transferred by or from such widow to such child." But in the absence of any similarly applicable statutory exemption, the tax in question is valid; and consequently the order under review must be affirmed.

*By the Court.*—Order affirmed.